**NOT FOR PUBLICATION**

MAY 06 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ROSE EVANGELISTA,<br><br>Defendant - Appellant. | No. 15-30038<br><br>D.C. No. 2:13-cr-02091-SAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted May 3, 2016
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Defendant Rose Evangelista appeals the criminal judgment following her

plea of guilty to four counts of bank fraud, in violation of 18 U.S.C. § 1344, and

one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

Reviewing de novo the district court's denial of Defendant's motion to suppress

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

evidence, <u>United States v. Chavez-Miranda</u>, 306 F.3d 973, 978 (9th Cir. 2002), we affirm.

The district court correctly held that "the magistrate had a substantial basis for concluding that probable cause existed." <u>Illinois v. Gates</u>, 462 U.S. 213, 238–39 (1983) (internal quotation marks and alterations omitted). "[G]iven all the circumstances set forth in the affidavit[,] . . . there [was] a fair probability that contraband or evidence of a crime [would] be found" at the "A Street" residence. <u>Id.</u> at 238. Defendant concedes that ample evidence suggested that Bryan Gilbert was engaged in identity theft and forgery. It was reasonable to infer from the statements in the affidavit that Gilbert used a false identity to rent the residence; that Gilbert had moved into, or at least was using, the residence; and that there was a "reasonable nexus" between Gilbert's criminal activity and the residence. <u>Chavez-Miranda</u>, 306 F.3d at 978. Using a "practical, common-sense" approach, <u>Gates</u>, 462 U.S. at 238, a person who rents a residence is likely to have moved into, or at least be using, that residence. Similarly, it was reasonable to infer from Gilbert's use of a false identity to secure the rental agreement that evidence of identity theft and forgery may be found in the residence. <u>See</u> <u>United States v. Gil</u>, 58 F.3d 1414, 1418 (9th Cir. 1995) ("Based on the nature of the evidence and the

2

type of offense, a magistrate may draw reasonable inferences about where evidence is likely to be kept." (internal quotation marks and alteration omitted)).

The district court also correctly held that, even if the affidavit was insufficient to establish probable cause, the "good faith" exception applies. At a minimum, for the reasons just noted, the affidavit "provide[d] a colorable argument for probable cause." United States v. Underwood, 725 F.3d 1076, 1085 (9th Cir. 2013).

**AFFIRMED.**